LEWIS NORDLINGER, Appellant, *v.* ADOLPH ANDERSON, *et al.*, Respondents.

*Supreme Court, Second Department, General Term May* 24, 1889.

1. *Witnesses. Credibility.*—A general assignment for the benefit of creditors will not be declared fraudulent on the unsupported testimony of the assignors, where it is contradicted by the testimony of several unimpeached witnesses.

2. *Deposition. Where set aside.*—Where the testimony of a witness taken by commission, was given under written memoranda or directions sent to him on behalf of a party before the deposition was taken it furnishes sufficient ground to suppress the deposition, if the application is made before the trial; and when such fact is made to appear at the trial, the trial judge has power to suppress the deposition.

Appeal from judgment dismissing the complaint upon the merits.

*Frederick W. Hinrichs*, for appellant.

*James M. Hunt*, for respondent, Charles Muns.

*John H. Corwin*, for respondent, Harris.

MACOMBER, J.—The only question before us is one of fact. The learned judge at the trial, evidently upon an attentive examination of the evidence, has dismissed the complaint upon the merits.

The ground upon which it was sought to set aside the assignment made to the defendant Harris by the defendant Anderson for the benefit of creditors, was that the respondent Charles Muns was preferred in the sum of $2,000 more than was the actual indebtedness of the assignor to him; and that there had been an unlawful and fraudulent disposition of funds of the assignor, immediately prior to the assignment.

The clear weight of the evidence shows that both of these

grounds of assault upon the assignment are untenable. It is conclusively established that the indebtedness of the firm to Charles Muns was $9,000, being $2,000 in excess of the sum for which he was preferred in the assignment.

Several unimpeached and apparently just witnesses show that the other claims against the validity of the assignment were untenable, and that there was no unlawful payment of funds of the firm preceding the assignment.

Against the evidence upon which the learned judge at special term has rested his decision, there is substantially the unsupported testimony of Adolph Anderson alone. His deposition was taken by commission at New Orleans. It appeared upon the trial that such testimony was given under written memoranda or directions sent to him in behalf of the plaintiff before his deposition was taken. Had this been known before trial, it would have been sufficient to suppress the deposition.

On the whole we are inclined to think, when such fact was made to appear at the trial, the judge had the power then to suppress it. But this proposition is unimportant now, in view of the final disposition that was made of the case by him. The judgment should be affirmed with costs.

VAN BRUNT, Ch. J., and BARTLETT, JJ., concur.